**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| HELWIG, JOHN B | ) | |
| | ) | CASE NO. 05-11840 |
| | ) | |
| | ) | HON. SUSAN PIERSON SONDERBY |
| Debtor | ) | |

**TRUSTEE'S FINAL REPORT**

To:   THE HONORABLE
      BANKRUPTCY HON. SUSAN PIERSON SONDERBY

NOW COMES ALEX D. MOGLIA, Trustee herein, and respectfully submits to the Court and to the United States Trustee his/her Final Report in accordance with 11 U.S.C. §704(9).

1.   Alex D. Moglia was appointed as the Chapter 7 trustee (the "Trustee"). The Petition commencing this case was filed on March 30, 2005. The Trustee was appointed on March 30, 2005. An order for relief under Chapter 7 was entered on March 30, 2005. The Trustee's bond in this case is included as part of the Trustee's blanket bond.

2.   The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee has not found it advisable to oppose the Debtor's discharge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A.

3.   The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is: $200.99 of cash on hand and in a bank account; household

goods that the Debtor valued at $1,500 but that the Trustee believed had no liquidation value and in which the Debtor claimed a $1,500 exemption; wearing apparel that the Debtor valued at $500 and jewelry that the Debtor valued at $500 that the Trustee believed had no liquidation value; 50% of the equity interest in Partners in Build, that owned office condominiums-the condominiums were subject to a mortgage and the Trustee believed that he would not yield value for his equity interest, if at all, for several more years until most or all of the office condominiums were sold; a 1997 Mercedes automobile that the Debtor reported had $157,000 miles and in which the Debtor claimed an exemption of $1,200; a 1997 Dodge pickup truck with no value for the estate; a pet dog which the Trustee believed had no liquidation value; an auto insurance policy from State Farm which the Trustee determined had no cash value and tools that the Debtor valued at $750 and in which he claimed an exemption.

4. The Trustee also investigated a condominium in Wheaton for which Sheryl Motisik held title and on which the Debtor was listed as a borrower in mortgage documents. The Debtor had no documents to verify that he invested any sums into the condominium and Ms. Motisik provided documents to verify that she made all payments on the mortgage and purchase price.
.

5. A summary of the Trustee's Final Report as of November 30, 2007, is as follows:
   a. RECEIPTS (See Exhibit C)                                          30,433.01
   b. DISBURSEMENTS (See Exhibit C)                                     15,724.59
   c. NET CASH available for distribution                               14,708.42
   d. TRUSTEE/PROFESSIONAL COSTS
      1. Trustee compensation requested                                  3,793.30
         (See Exhibit E)
      2. Trustee Expenses (See Exhibit E)                                   13.14
      3. Compensation requested by attorney or other
         professionals for trustee (See Exhibit F)                           0.00
   e. Illinois Income Tax for Estate (See Exhibit G)                        0.00

6. The Bar Date for filing unsecured claims expired on November 7, 2005.

7. All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee (see Exhibit D). The actual dollar amount of claims allowed and/or requested for this estate is as follows:

| | | |
|---|---|---:|
| a. | Allowed unpaid Secured Claims | 0.00 |
| b. | Chapter 7 Administrative and 28 U.S.C. §1930 Claims | 3,806.44 |
| c. | Allowed Chapter 11 Administrative Claims | 0.00 |
| d. | Allowed Priority Claims | 134,566.62 |
| e. | Allowed Unsecured Claims | 479,848.56 |

8. Trustee proposes that unsecured creditors receive a distribution of 0.00% of allowed claims; the Trustee proposes to pay administrative and priority claims.

9. Total compensation previously awarded to Trustee's counsel, Mandell Menkes, was $25,492.50; Mandell Menkes accepted payment of $15,000 of those fees and is not seeking payment of further sums. Professional's compensation and expense requested but not yet allowed is –0-. The total of Chapter 7 trustee fees and expenses requested for final allowance is $3,806.44.

10. A fee of $3,000.00 was paid pre-petition to Debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329. Chapter 11 professionals' fees and expenses were allowed and/or paid pursuant to Court order(s) as follows: N/A

| Applicant | Nature of Expense | Amount Allowed |
|---|---|---|

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowance of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

RESPECTFULLY SUBMITTED:

Dated:  1/9/2008             By:  /s/ Alex D. Moglia
                                  ALEX D. MOGLIA, Trustee
                                  1325 REMINGTON RD.  STE. H
                                  SCHAUMBURG, IL  60173