**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| HELWIG, JOHN B | ) | |
| | ) | CASE NO. 05-11840 |
| | ) | |
| | ) | HON. SUSAN PIERSON SONDERBY |
| Debtor | ) | |

**NOTICE OF FILING OF THE TRUSTEE'S FINAL REPORT, HEARING ON
APPLICATIONS FOR COMPENSATION, AND HEARING ON THE
ABANDONMENT
OF PROPERTY BY THE TRUSTEE)**

TO the Debtor, Creditors, and other Parties in Interest:

1.      NOTICE IS HEREBY GIVEN that the Trustee of the above captioned case has filed a Trustee's Final Report and final applications for compensation. A hearing will be held.

>   At:    U.S. BANKRUPTCY COURT
>          219 South Dearborn, Courtroom 642
>          Chicago, Illinois 60604
>
>   on:    **February 27, 2008**
>   at:    **10:30 a.m.**

2.      The hearing will be held for the purpose of ruling on any objections to the Final Report, ruling on applications for compensation and expenses and any objections to the pending applications and transacting such other business as may be properly notices before the Court.  ATTENDANCE BY THE DEBTOR AND CREDITORS IS WELCOMED BUT IS NOT REQUIRED.

3.      The Trustee's Final Report shows total:

| | | |
|---|---|---:|
| | a. Receipts | $ 30,433.01 |
| | b. Disbursements | $ 15,724.59 |
| | c. Net Cash Available for Distribution | $ 14,708.42 |

4.      Applications for administration fees and expenses have been filed as follows:

| Applicant | Compensation Previously Paid | Fees Now Requested | Expenses Now Requested |
|---|---|---|---|
| Trustee | $ 0.00 | $ 3,793.30 | $ |
| Trustee | $ 0.00 | $ | $ 13.14 |
| Mandell Menkes LLC | $ 15,676.62 | $ 0.00 | $ 0.00 |

5. In addition to the fees and expenses of administration listed above as may be allowed by the Court, priority claims totaling $134,566.62 must be paid in full for there to be any dividend to general unsecured creditors. The priority dividend is anticipated to be 8.10%.

| Claim Number | Claimant | Allowed Amount of Claim | Proposed Payment |
|---|---|---|---|
| 1 | Department of the Treasury-Internal Revenue Service | $ 134,566.62 | $ 10,901.98 |

6. Claims of general unsecured creditors totaling $479,848.56, have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The general unsecured dividend is anticipated to be $0.00%.

Allowed general unsecured claims are as follows:

| Claim Number | Claimant | Allowed Amount of Claim | Proposed Payment |
|---|---|---|---|

7. Proposed dividends are approximations. Actual dividends may differ due to interest accrual, fee reductions, or as ordered by the Court.

8. The Trustee's Final Report and all applications for compensation are available for inspection at the office of the Clerk of the Bankruptcy Court, Dirksen Federal Courthouse, 219 S. Dearborn Street, 7th Floor, Chicago, Illinois 60604, or may be viewed on the Court's web site, *www.ilnb.uscourts.gov*. If no objections are filed, the Court will act on the fee application(s) and the Trustee may pay dividends pursuant to Federal Rule of Bankruptcy Procedure 3009 without further order of Court.

9. Debtor has been discharged.

10. The disposition of estate property is set forth in Exhibit B. The scheduled value of property abandoned is: $200.99 of cash on hand and in a bank account;

      household goods that the Debtor valued at $1,500 but that the Trustee believed had no liquidation value and in which the Debtor claimed a $1,500 exemption; wearing apparel that the Debtor valued at $500 and jewelry that the Debtor valued at $500 that the Trustee believed had no liquidation value; 50% of the equity interest in Partners in Build, that owned office condominiums-the condominiums were subject to a mortgage and the Trustee believed that he would not yield value for his equity interest, if at all, for several more years until most or all of the office condominiums were sold; a 1997 Mercedes automobile that the Debtor reported had $157,000 miles and in which the Debtor claimed an exemption of $1,200; a 1997 Dodge pickup truck with no value for the estate; a pet dog which the Trustee believed had no liquidation value; an auto insurance policy from State Farm which the Trustee determined had no cash value and tools that the Debtor valued at $750 and in which he claimed an exemption.

11. The Trustee also investigated a condominium in Wheaton for which Sheryl Motisik held title and on which the Debtor was listed as a borrower in mortgage documents. The Debtor had no documents to verify that he invested any sums into the condominium and Ms. Motisik provided documents to verify that she made all payments on the mortgage and purchase price.

Dated:  **January 16, 2008**    For the Court,

By:  **KENNETH S. GARDNER**
Kenneth S. Gardner
Clerk of the United States Bankruptcy Court
219 S. Dearborn Street, 7th Floor
Chicago, IL  60604